UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 02-10537-RWZ

JCI COMMUNICATIONS, INC., d/b/a
NETVERSANT-NEW ENGLAND

v.

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS UNION, LOCAL 103

MEMORANDUM OF DECISION

August 29, 2002

ZOBEL, D.J.

By signing a Letter of Assent in October 1998, plaintiff, JCI Communications, Inc., d/b/a Netversant-New England ("Netversant") agreed to the terms of a collective bargaining agreement between the Electrical Contractors' Association and defendant, Electrical Workers' Union, Local 103, IBEW ("Local 103") which was succeeded by a subsequent agreement effective March 2000 through February 2003. The agreement included a dispute resolution mechanism that culminated, insofar as relevant, in arbitration before a Joint Conference Committee ("Committee") comprised of members representing both the employers and the union. In January 2002, Local 103 complained that plaintiff, in breach of the agreement, assigned work covered thereby to workers who were not members of Local 103. It referred the issue to the Committee, which held a hearing and, in February 2002, issued an award in favor of Local 103.

Plaintiff, aggrieved by the award, brought this action to vacate it. Defendant filed a cross complaint to confirm and moved for summary judgment. The motion is allowed.

Although plaintiff asserts that disputed facts bar summary judgment, the facts it recites either were not brought to the attention of the Committee during the arbitration (alleged misrepresentations by Local 103 at the time of the Letter of Assent), or were properly addressed by the Committee (the Jurisdictional Agreement mentioned below), or arise from events that postdate the award (the collective bargaining agreement between Netversant and Local 2222 executed "recently"). At the arbitration hearing, plaintiff apparently stipulated to certain of the violations and disputed others, but its primary defense was based on an agreement dated October 2, 1998, between plaintiff, Local 103 and Local 2222 of the International Brotherhood of Electrical Workers that allocated certain work between the two Locals ("Jurisdictional Agreement"). The Committee found that Jurisdictional Agreement to be invalid because it was not signed by either Local, nor was it approved by the International President as required by the Constitution of the International Brotherhood of Electrical Workers. This determination, plaintiff argues, is beyond the authority of the Committee. However, plaintiff, having invited the Committee's consideration of the Jurisdictional Agreement, cannot now be heard to complain about the Committee's exercise of the authority to determine that Agreement's validity or effect. Furthermore, the law is clear that it is for the arbitrator to determine the scope of the arbitrator's own authority, El Dorado Tech. Servs. v. Union General de Trabajadores de Puerto Rico, 961 F.2d 317, 302-321 (1st Cir. 1992).

Plaintiff's remaining objections are equally unavailing. Netversant asserts that Local 103 represented at the time of the Letter of Assent that the collective bargaining

2

agreement was being executed in conjunction with the Jurisdictional Agreement. The record of the arbitration is, however, devoid of any suggestion that plaintiff made this argument to the Committee, and it contains no facts to support it. Last, Plaintiff claims bias on the part of the Committee based solely on the assertion that the employer members were its competitors. Yet, this is the group from which the employer members are necessarily selected, and plaintiff agreed to it with its assent to the collective bargaining agreement.

Defendant's motion for summary judgment is ALLOWED. Judgment confirming the Committee's award may be entered on defendant's cross claim. The complaint may be dismissed.

August 29, 2002
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT COURT